UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

GRAPHIC COMMUNICATIONS )
CONFERENCE OF THE INTERNATIONAL )
BROTHERHOOD OF TEAMSTERS UNION )
SUPPLEMENTAL RETIREMENT AND )
DISABILITY FUND; GEORGE TEDESCHI, )
TRUSTEE; and MALCOLM PRITZKER, )
TRUSTEE )
 ) Civil Action No.
    Plaintiffs, )
 ) FILED: APRIL 11, 2008
v. ) 08CV2084     EDA
 ) JUDGE PALLMEYER
AMERICAN PRINTERS EXCHANGE, INC. ) MAGISTRATE JUDGE COLE
d/b/a AMERICAN PRINTING AND MAILING )
 )
    Defendants. )

COMPLAINT

Plaintiffs Graphic Communications Conference of the International Brotherhood of Teamsters Union Supplemental Retirement and Disability Fund (hereinafter referred to as the "Fund") and its Co-Chairmen Trustees, George Tedeschi and Malcolm Pritzker, complaining of the Defendant, allege as follows:

I.

JURISDICTION

1.    This is an action to collect delinquent payments to a multi-employer pension plan subject to the provisions of the Employee Retirement Income Security Act of 1974, 28 U.S.C. §§ 1000-1461 (2008) ("ERISA"). This Court has jurisdiction of the action under § 502 of ERISA, 29 U.S.C. § 1132.

II.

## THE PARTIES

2. The Plaintiff Fund is established pursuant to agreements between Local 528-M of the Graphic Communications Conference of the International Brotherhood of Teamsters ("Local 528-M"), among other local unions, and American Printers Exchange, among other companies, in order to provide for pensions, disability and related benefits to employees covered by collective bargaining agreements between local unions and companies. The Fund was and is an employee benefit plan within the meaning of § 3 (3) of ERISA, 29 U.S.C. § 1002 (3), and was and is controlled and managed by certain fiduciaries within the meaning of § 402 of ERISA, 29 U.S.C. § 1102, and was and is engaged in providing benefits on behalf of covered employees, as provided for in the contract between Local 528-M and the Defendant. The Fund's principal place of business for such purposes is in the Northern District of Illinois in Carol Stream, Illinois. Plaintiffs George Tedeschi and Malcolm Pritzker are Co-Chairmen of the Board of Trustees of the Fund.

3. Upon information and belief, the Defendant, American Printers Exchange is engaged in the business of commercial printing 1606 Headway Circle, Austin, Texas 78754. Defendant was and is an employer within the meaning of the term as defined in § 3 (5) of ERISA, 29 U.S.C. § 1002 (5).

III.

## CLAIM FOR RELIEF

4. Plaintiffs re-allege each and every allegation contained in Paragraphs 1 through 3 above, as if fully set forth.

5. Local 528-M, as the collective bargaining representative of certain employees of the Defendant, entered into and maintained successive written collective bargaining agreements with the

Defendant. The current collective bargaining agreement between the parties commenced November 1, 2003 and expires on October 31, 2008. The most recent expired collective bargaining agreement between the parties commenced on December 1, 1996 and expired on April 15, 2000. Although the parties were unable to reach a successor agreement by April 15, 2000, the parities continued to bargain until they successfully reached the current collective bargaining agreement commencing on November 1, 2003.

6. The successive collective bargaining agreements between the Defendant and Local 528-M required the Defendant to make monthly periodic contributions to the Fund on behalf of all bargaining unit employees covered by the collective bargaining agreements.

7. The Fund is governed by an Agreement and Declaration of Trust.

8. The Defendant agreed to be bound by the Fund's Agreement and Declaration of Trust in accordance with the terms of Article 42, Section 4 of successive collective bargaining agreements with Local 528-M.

9. Pursuant to Section 4 of Article VI of the Fund's Agreement and Declaration of Trust, the Fund's Trustees may take any action necessary, including court action, to enforce payment of contributions to the Fund from participating employees that are past due.

10. Section 5 of Article VI of the Fund's Agreement and Declaration of Trust permits the Fund's Trustees to have an independent certified public accountant audit a participating employer's payroll, wage and other records pertinent to the employer's contributions due to the Fund.

11. Section 4 of Article VI of the Fund's Agreement and Declaration of Trust permits the Fund's Trustees to assess interest and establish liquidated damages on delinquent amounts of monies owed and entitles the Fund's Trustees to recover all expenses for collection efforts and reasonable

Case 1:08-cv-02084   Document 1   Filed 04/11/2008   Page 4 of 7

attorneys' fees. According to the Fund's Agreement and Declaration of Trust, interest is assessed at the rate of prime plus 1%, or 8% whichever is greater, and liquidated damages are set at 20% of the unpaid amounts owed plus costs and attorneys' fees.

12. At all pertinent times, the Defendant made contributions to the Fund. But the Defendant made contributions to the Fund on behalf of only those bargaining unit employees who were members of Local 528-M. By failing to make contributions to the Fund on behalf of all bargaining unit employees, without regard to their membership or lack of membership in Local 528-M, the Defendant breached the terms of the successive collective bargaining agreements and the terms of the Fund's Agreement and Declaration of Trust.

13. The Fund arranged for the Fund's independent auditors, Calibre CPA Group ("Calibre"), to audit the Defendant's payroll records to assure that the Defendant had remitted contributions to the Fund in accordance with the Defendant's obligations. The audit was scheduled for August 7, 2006, but the audit did not occur because the Defendant refused to allow the auditors access to all payroll records for bargaining unit employees; instead the Defendant agreed to allow the auditors access to payroll records for bargaining unit employees who were members of Local 528-M, but refused to allow the auditors access to payroll records for bargaining unit employees who were not members of Local 528-M. The Defendant took the position that it was required to make contributions to the Fund on behalf of only those bargaining unit employee who were members of Local 528-M.

14. On or about September 14, 2006, the Defendant agreed to allow the Fund to have Calibre audit the Defendant's payroll records. Auditors reviewed the payroll records of the Defendant on September 19, 2006. The audit revealed that the that the Defendant underpaid

contributions in the amount of $26,167.07 for the period from November 2003 to November 2006. The audit found that the Defendant owed the Fund $2,358.72 in interest for that same period. In total, the Defendant owed the Fund $30,108.35 for its underpayment of contributions from November 2003 to November 2006.

15.     In a letter dated January 19, 2007, the Fund demanded that the Defendant pay the Fund $30,108.35 to compensate the Fund for the Defendant's underpayment of contributions from November 2003 to November 2006. By check dated February 28, 2007, the Defendant paid to the Fund $30,108.35.

16.     In a letter dated May 7, 2007, the Fund demanded that Defendant conduct a self audit of its payroll records for the period from August 1996 to October 2003, or to allow the Fund to arrange for an audit by independent, certified public accountants.

17.     The Defendant has refused to perform a self audit or to allow for an audit by independent, certified public accountants unless the Fund agrees to take no action to collect from Defendant any amounts to compensate the Fund for any underpayment of contributions to the Fund for any period prior to November 2003.

18.     Upon information and belief, the Defendant failed to make contributions to the Fund on behalf of all bargaining unit employees in breach of the terms of the December 1, 1996 to April 15, 2000 collective bargaining agreement and the terms of the Fund's Agreement and Declaration of Trust for the period between December 1, 1996 and October 31, 2003, and owes to the Fund an amount which is currently unknown to the Fund in contributions, interest and liquidated damages.

19.     Defendant has violated §§ 502 (a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132, 1145, in that it is delinquent in its contributions to the Fund for the months of August 1996 through

October 2003 in violation of its collective bargaining agreement with Local 528-M, and the Fund's Agreement and Declaration of Trust.

**WHEREFORE**, the Plaintiffs pray that this Court enters judgment in their favor and against Defendant American Printers Exchange pursuant to the provisions of § 502 (g)(2) of ERISA, 29 U.S.C. § 1132 (g)(2), in the amount equal to the amount underpaid by the Defendant to the Fund for the period between August 1996 and October 2003, plus interest at the rate of prime plus 1%, or 8% whichever is greater, and liquidated damages of 20% of the unpaid amounts owed, and such additional costs and reasonable attorneys' fees associate with this lawsuit and such other relief as the Court deems proper.

Dated: April 11, 2008

ALLISON, SLUTSKY & KENNEDY, P.C.

By: _____
Karen I. Engelhardt
230 West Monroe Street, Suite 2600
Chicago, IL 60606
Telephone: (312) 364-9400
Facsimile: (312) 364-9410

O'DONNELL, SCHWARTZ & ANDERSON, P.C.

By: /s/ Daniel B. Smith
O'Donnell, Schwartz & Anderson, P.C.
1300 L Street, NW, Suite 1200
Washington, DC 20005
Telephone: (202) 898-1707
Facsimile: (202) 682-2976
D.C. Bar No. 475151

Counsel for Graphic Communications Conference of the International Brotherhood of Teamsters Union Supplemental Retirement and Disability Fund; George Teseschi, Trustee; and Malcolm Pritzker, Trustee